IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**INDUSTRIAL INJURY PREVENTION**
**AND MANAGEMENT, LLC**                                                              **PLAINTIFF**

**v.**                                                    **CAUSE NO. 1:16CV270-LG-RHW**

**FIT FOR WORK, LLC**                                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [9] filed by Fit for Work, in which it seeks dismissal of Industrial Injury Prevention and Management, LLC's tortious interference with contract and accounting and damages claims. The Motion has been fully briefed by the parties. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted as to Industrial Injury's tortious interference with contract claim and denied as to Industrial Injury's claim for an accounting and damages.

### BACKGROUND

In May 2012, F.A. Richards Associates, a third-party administrator for the shipbuilding company Huntington Ingalls, Inc., approach Douglas Roll with a proposal for opening an on-site physical therapy clinic at Huntington Ingalls. Roll then contacted Fit for Work, a company that specializes in providing workplace injury prevention services, because he was considering providing these services at the on-site clinic. However, in August 2012, representatives of F.A. Richards and Huntington Ingalls informed Roll that the focus of the clinic would initially be prescribed physical therapy for specific injuries but may eventually be expanded to

include injury prevention services. Roll formed a limited liability company named Industrial Injury Prevention and Management, LLC (hereafter referred to as "Industrial Injury") to provide services at the on-site clinic.

On October 1, 2012, Fit for Work and Industrial Injury entered into a License Agreement, which provides that Fit for Work developed a proprietary program to assist businesses "in creating a safer work environment for their employees" by providing "consulting services and advice . . . regarding proper ergonomics, body mechanics, physical education, [and] assistance with occupational and health standards . . . ." (Compl., Ex. 1 at 1, ECF No. 1-2). The license agreement provided Industrial Injury the exclusive right to use Fit for Work's program in the territory designated by the license agreement and that it would pay a fifteen percent commission to Fit for Work. (Compl., Ex. 1 at vi, 1, 3-4, ECF No. 1-2).

On December 6, 2012, a F.A. Richards representative informed Roll that F.A. Richards and Huntington Ingalls did not want any injury prevention services to be provided at the on-site clinic. Nevertheless, Roll underwent training conducted by Fit for Work in 2013.

On October 8, 2013, Industrial Injury entered into a Consulting Contract with F.A. Richards. Although F.A. Richards and Huntington Ingalls had rejected the Fit for Work proposal for injury prevention and Industrial Injury was solely providing prescribed physical therapy at the on-site clinic, Industrial Injury "voluntarily remitted the 15% commissions" to Fit for Work. (Compl. at 8, ¶32, ECF No. 1-2). Industrial Injury claims that the Fit for Work injury prevention program has only been used on a de minimis basis at the clinic. Industrial Injury explains:

-2-

> From the term of the execution of the License Agreement, in anticipation of [Fit for Work's] promises, representations and presentations, it was anticipated that workplace ergonomics and preventive care would encompass the vast majority of the work performed by [Industrial Injury]. As a result, and although not required under the terms of the License Agreement, [Industrial Injury] gratuitously remitted fifteen percent of its prescriptive care, insurance, worker's compensation billed, insurance claim based fees to [Fit for Work].

(Compl. at 10, ¶34, ECF No. 1-2).

Industrial Injury eventually stopped paying Fit for Work the fifteen percent commission. Industrial Injury claims that Fit for Work then "began to take the position that, in the event that [Industrial Injury] terminated the License Agreement [with Fit for Work], it would have to cease doing business with [F.A. Richards] and for employees of [Huntington Ingalls]." (Compl. at 11, ¶37). Industrial Injury viewed this as a threat to interfere with Industrial Injury's Consulting Contract with F.A. Richards. As a result, it filed the present lawsuit against Fit for Work attempting to assert a tortious interference with contract claim and seeking a declaration that Industrial Injury's Consulting Contract with F. A. Richards is not contingent on the continuance of the License Agreement between Industrial Injury and Fit for Work. It also seeks an accounting and return of funds it paid to Fit for Work. Fit for Work filed the present Motion seeking dismissal of Industrial Injury's tortious interference with contract claim and its claim for an accounting and damages.

DISCUSSION

## I. STANDARD OF REVIEW

When considering a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept all well-pleaded facts as true and must view all facts in the light most favorable to the plaintiff. *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199-200 (5th Cir. 2016). The complaint should be dismissed unless it pleads "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Jabaco, Inc. v. Harrah's Operating Co., Inc.,* 587 F.3d 314, 319 (5th Cir. 2009).

## II. TORTIOUS INTERFERENCE WITH CONTRACT

The parties agreed that Texas law should be applied to interpret the License Agreement. (Compl., Ex. 1 at 14, ECF No. 1-2). However, as the parties have correctly noted, the tortious interference with contract claim is a tort claim that is not governed by the choice of law provision in the License Agreement.

In cases for which diversity jurisdiction exists, courts apply the choice of law rules of the forum state to determine which state's substantive law should be applied. *Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 226 (5th Cir. 2010). Thus, Mississippi's choice of law rules must be applied in the present case. Under Mississippi law, courts should only conduct a choice-of-law analysis if there is a true

conflict between the laws of the states that have an interest in the litigation. *Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 620 (5th Cir. 2014).

According to the parties, the two states that have an interest in this litigation are Mississippi and Texas. Under Mississippi law, recovery for tortious interference with contract is permissible where a plaintiff proves:

> (1) the acts were intentional and willful; (2) they were calculated to cause damage to the plaintiff in his lawful business; (3) they were done for the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant, which acts constitute malice; and (4) actual damage or loss resulted.

*Reeves v. Midcontinent Exp. Pipeline, LLC*, 119 So. 3d 1097, 1102 (¶13) (Miss. Ct. App. 2013). "In this context, 'malicious' is defined as the intentional doing of a harmful act without legal or sound justification or excuse, in other words, the willful violation of a known right." *Collins v. Collins*, 625 So. 2d 786, 790 (Miss. 1993). Therefore, "[a]n action for interference with contract ordinarily lies when a party maliciously interferes with a valid and enforceable contract[,] causing one party not to perform and resulting in injury to the other contracting party." *Nichols v. Tri-State Brick & Tile Co., Inc.*, 608 So. 2d 324, 328 (Miss. 1992).

Under Texas law, the elements of a tortious interference with contract claim are "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *Prudential Ins. Co.of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). The "plaintiff is not limited to showing the contract was actually breached . . . . Any interference that makes performance

more burdensome or difficult or of less or no value to the one entitled to performance is actionable." *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 359-60 (Tex. Ct. App. 2012).

In the present case, it is undisputed that Fit for Work has not interfered with the F.A. Richards contract; Industrial Injury merely alleges that Fit for Work has threatened to interfere with the contract. Industrial Injury also does not seek damages for interference or claim that any damages have resulted from the alleged threatened interference; it merely seeks injunctive relief preventing any future interference on the part of Fit for Work.

Since Industrial Injury has not alleged any malicious or intentional acts to interfere with the F.A. Richards contract and has not alleged any resulting damages, it has not asserted a plausible claim for interference with contract under either Mississippi or Texas law. The fact that Industrial Injury is only seeking injunctive relief does not affect this determination, because Industrial Injury would be required to demonstrate a substantial likelihood of success on the merits as to its tortious interference with contract claim before it could obtain a preliminary injunction. *See Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006) (explaining that a preliminary injunction can only be obtained by demonstrating, inter alia, a substantial likelihood of success on the merits); *see also Sepulvado v. Jindal*, 729 F.3d 413, 418 (5th Cir. 2013) ("To assess the likelihood of success on the merits, we look to standards provided by the substantive law.") Since Industrial Injury has not alleged at least two elements of its tortious interference with contract claim, it cannot demonstrate a substantial likelihood of success on the merits. As a result,

Industrial Injury's tortious interference with contract claim must be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### III. ACCOUNTING AND DAMAGES

Fit for Work argues that Industrial Injury's claim for an accounting and damages should be dismissed pursuant to the voluntary payment rule. Since the accounting and damages claim would require interpretation of the License Agreement, Texas law must be applied.

"Under the voluntary payment rule, money voluntarily paid on a claim of right, with full knowledge of all the facts, in the absence of fraud, deception, duress, or compulsion, cannot be recovered back merely because the party at the time of payment was ignorant of or mistook the law as to his liability." *Berryman's S. Fork, Inc. v. J. Baxter Brinkmann Int'l Corp.*, 418 S.W.3d 172, 189 (Tex. Ct. App. 2013). The purpose of the voluntary payment rule is "to preclude a party from paying out his money, leading the other party to act as though the matter were closed, and then to be in the position to change his mind and invoke the aid of the courts to get it back." *Miga v. Jensen*, 299 S.W.3d 98, 101 (Tex. 2009). The rule constitutes a defense to claims for restitution or unjust enrichment. *Berryman's*, 418 S.W.3d at 189.

Although Industrial Injury admits in its Complaint that it voluntarily and gratuitously made the payments at issue to Fit for Work, it would be premature to grant dismissal based solely on that admission. The question of whether Industrial Injury acted with full knowledge of all the facts and in the absence of deception, duress, or compulsion is not addressed by this admission. Under these

-7-

circumstances, Fit for Work's request for dismissal of the claim for an accounting and damages must be denied at this time.

## CONCLUSION

For the foregoing reasons, Industrial Injury's tortious interference with contract claim is dismissed without prejudice for failure to state a claim for relief that can be granted. Fit for Work's request for dismissal of Industrial Injury's claim for an accounting and damages is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [9] filed by the defendant Fit for Work is **GRANTED** as to Industrial Injury's tortious interference with contract claim and **DENIED** as to Industrial Injury's claim for an accounting and damages.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Industrial Injury's tortious interference with contract claim is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 30th day of November, 2016.

s/ Louis Guirola, Jr.
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE